## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LORI HOFFMAN,<br>    Appellant, | DOCKET NUMBER<br>SF-1221-17-0331-W-1 |
|    v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: February 23, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Lori Hoffman, Pinehurst, North Carolina, pro se.

James L. Paul, Schofield Barracks, Hawaii, for the agency.

Winston D.M. Ling, Esquire, Fort Shafter, Hawaii, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant has alleged the following.  She previously served as a civilian employee at the agency's Fort Shafter, Hawaii base.  Initial Appeal File (IAF), Tab 1 at 1.  In January 2015, she decided to move her family from Hawaii to the continental United States for financial reasons, and she discussed her intent with her first- and second-level supervisors.  IAF, Tab 8 at 4.  In June 2015, after being unable to find a suitable Federal Government position that paid relocation expenses, she accepted a private-sector position with a defense contractor in North Carolina with a start date of July 13, 2015.  *Id*.; IAF, Tab 14 at 6-7.  On or about July 1, 2015, her second-level supervisor denied her request to be placed in leave without pay (LWOP) status for 1 year while she simultaneously worked for the defense contractor.  IAF, Tab 1 at 8-10.  She resigned from her Federal position effective July 11, 2015, citing concerns that she would be considered absent without leave thereafter given the denial of her LWOP request.  *Id*. at 7-8.

¶3     On May 20, 2016, the appellant filed a complaint with the Office of Special Counsel (OSC).  *Id*. at 11-12.  By letter dated February 28, 2017, OSC informed the appellant that it was closing its file regarding her complaint and that she may have a right to seek corrective active from the Board.  *Id*. at 13.  OSC summarized the appellant's complaint as follows:  her LWOP request was denied (forcing her to resign) as reprisal for disclosures that she made in September 2013 during an internal investigation and for disclosures that she made to the Office of Inspector General (OIG) on June 2, 2015.  *Id*.

¶4     The appellant filed this IRA appeal and requested a hearing.  *Id*. at 2-5.  The administrative judge notified the appellant of what she must do to establish that her appeal was within the Board's jurisdiction and ordered her to file a statement, accompanied by evidence, on the jurisdictional elements of an IRA

appeal. IAF, Tab 3. In response, she submitted a pleading identifying the matters explicitly mentioned in OSC's close-out letter as well as additional alleged OIG activity on May 7, 2015, and an additional allegedly retaliatory agency action regarding interference with her defense contractor position. IAF, Tab 5 at 4-6. Following a conference with the parties, the administrative judge docketed the appellant's involuntary resignation claim as a separate appeal in *Hoffman v. Department of the Army*, MSPB Docket No. SF-0752-17-0432-I-1.[2] IAF, Tab 16.

¶5 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID) at 1, 15. The administrative judge found that the appellant had exhausted her administrative remedies with OSC regarding her September 2013 disclosure and June 2, 2015 activity, but that she did not exhaust her alleged May 7, 2015 disclosure to OIG or her allegation that the agency subjected her to a personnel action when it allegedly contacted her private-sector employer. ID at 6-7. The administrative judge found that the appellant made a nonfrivolous allegation that she made one protected disclosure under 5 U.S.C. § 2302(b)(8) concerning a potential violation of agency policy against dishonest and fraudulent conduct to an agency investigator in September 2013 and engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when she filed a complaint with the OIG in June 2015. ID at 11-12. The administrative judge found,

---

[2] Although an appellant may pursue an involuntary resignation claim as a personnel action in an IRA appeal, we find that the appellant has not been prejudiced by the separate docketing of this claim. *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 & n.5 (2014) (overruling *Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 9 n.2 (2010)). In either case, one aspect of the appellant's jurisdictional burden would be to make at least a nonfrivolous allegation that her resignation was tantamount to a constructive removal. IAF, Tab 7 at 2; *see Mintzmyer v. Department of the Interior*, 84 F.3d 419, 423 (Fed. Cir. 1996); *Comito v. Department of the Army*, 90 M.S.P.R. 58, ¶ 13 (2001). As explained in our separate Final Order resolving the constructive removal appeal, we affirm the administrative judge's determination that the appellant failed to make such an allegation.

however, that the appellant failed to nonfrivolously allege that the protected disclosure or activity was a contributing factor in the agency's denial of her LWOP request. ID at 12-15.

¶6 The appellant has filed a petition for review and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3. For the reasons set forth herein, we find that the appellant established jurisdiction over her IRA appeal and we remand this appeal to the regional office for a hearing on the merits.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *See Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 11, 14. The question of whether the appellant has made a nonfrivolous allegation at the jurisdictional stage is based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face. 5 C.F.R. § 1201.4(s); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020).

The appellant exhausted some of her claims with OSC.

¶8 An appellant in an IRA appeal must exhaust her administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board. 5 U.S.C. § 1214(a)(3); *Chambers*, 2022 MSPB 8, ¶ 10. The substantive requirements of exhaustion are met when an appellant provided OSC with a sufficient basis to pursue an investigation; however, an appellant may give a more detailed account of her whistleblowing activity before the Board than she did to

OSC. *Chambers*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through her initial OSC complaint, correspondence with OSC, or other sufficiently reliable evidence, such as an affidavit or declaration attesting that she raised with OSC the substance of the facts in the MSPB appeal. *Id.*, ¶ 11. Exhaustion must be proved by preponderant evidence. *Id.*; 5 C.F.R. § 1201.57(c)(1).

¶9 In the initial decision, the administrative judge found that the appellant exhausted her claims that she made a protected disclosure during a September 2013 investigation and that she engaged in protected activity in June 2015 by filing an OIG complaint. ID at 6. The administrative judge found that the appellant failed to prove that she exhausted her allegations that (1) she made a protected disclosure to the OIG in May 2015 and (2) the agency retaliated against her by contacting her private-sector employer. *Id.*

¶10 The parties have not challenged the administrative judge's findings that the appellant exhausted her September 2013 protected disclosure and her June 2015 protected activity, and we find no reason to disturb those findings. However, we disagree with the administrative judge's finding regarding the appellant's May 2015 correspondence with the OIG. *Id.* Although the administrative judge correctly notes that OSC's close-out letter did not explicitly identify the May 2015 email, we find that it had a sufficient basis to pursue an investigation of the correspondence. *See Chambers*, 2022 MSPB 8, ¶ 10. The subject matter of the May 2015 email overlaps with the June 2015 complaint, which was explicitly raised with OSC, and the May 2015 correspondence occurred just 1 month before the appellant filed her complaint. IAF, Tab 5 at 11-13, 23-30, 55. Based on the overlap of the subject matter and the close temporal proximity between the May 2015 email and the June 2015 complaint, we find that OSC had a sufficient basis to pursue an investigation of the May 2015 email, and it is therefore exhausted.

¶11    We agree with the administrative judge's finding that the appellant failed to prove exhaustion over her allegation that the agency retaliated against her by contacting her private-sector employer.  ID at 6.  OSC's close-out letter did not reference this allegation and the appellant did not assert before the administrative judge that she raised the claim with OSC, nor did she submit a copy of her OSC complaint or her communications with OSC.  IAF, Tab 1 at 13, Tab 5 at 4-6.  Although the appellant asserts on review that she raised this issue with OSC, PFR File, Tab 1 at 4, she has failed to show that any evidence on this matter was unavailable prior to the close of the record before the administrative judge, and we therefore do not consider her assertion.[3]  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); 5 C.F.R. § 1201.115(d).

The appellant nonfrivolously alleged that her protected activity was a contributing factor in the agency's denial of her request for LWOP.

¶12    The administrative judge found that the appellant made one protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) during a September 2013 investigation[4] and that she engaged in protected activity pursuant to 5 U.S.C.

---

[3] In any event, the appellant has provided no basis to disturb the administrative judge's finding that, even if exhausted, the alleged incident does not constitute a personnel action covered by 5 U.S.C. § 2302(a)(2)(A).  ID at 6 n.5; *see Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶¶ 6-10 (2008) (affirming the dismissal for lack of jurisdiction of the appellant's claim that a private-sector employer terminated his employment based on statements by his former Federal employer).

[4] The administrative judge found that only one disclosure in the appellant's September 2013 statement was protected.  ID at 7-12.  We believe that the statement may have included additional disclosures.  For example, the appellant's disclosure that an agency official was "accused of, and investigated for, physically assaulting" a U.S. Army officer is sufficient to evidence a nonfrivolous allegation of a violation of law, rule, or regulation.  IAF, Tab 5 at 9; *see* 5 U.S.C. § 2302(b)(8); *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶¶ 16-21 (2010).  However, because we find that the appellant did not nonfrivolously allege that the September 2013 statement was a

§ 2302(b)(9)(C) in June 2015 by filing an OIG complaint. ID at 11-12. We also find that the appellant nonfrivolously alleged that she engaged in protected activity pursuant to 5 U.S.C. § 2302(b)(9)(C) when she corresponded with the OIG in May 2015.[5] IAF, Tab 5 at 11-13. Finally, we agree with the administrative judge's implicit finding that the appellant nonfrivolously alleged that the agency subjected her to a personnel action pursuant to 5 U.S.C. § 2302(a)(2) when it denied her request for LWOP on or about July 1, 2015. ID at 13; *see Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 13 (2016).

¶13    In order to meet the contributing factor jurisdictional element, an appellant may raise a nonfrivolous allegation that the fact of, or content of, the protected whistleblowing was one factor that tended to affect the personnel action in any way. *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 22 (2010). One way that the appellant may do this is through the knowledge/timing test, by nonfrivolously alleging that the official taking the personnel action knew of the whistleblowing and that the personnel action occurred within a period of time such that a reasonable person could conclude that the whistleblowing was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1). The knowledge/timing test is not the only way to demonstrate the contributing factor element. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The Board will also consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the official taking

---

contributing factor in the agency's decision to deny her LWOP request, as set forth in ¶ 15, any error is harmless, and we decline to further examine the particular disclosures contained in the statement. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[5] The administrative judge referred to the appellant's May 7, 2015 correspondence with the OIG as an alleged protected disclosure. ID at 6. Because we find that the correspondence is protected activity pursuant to 5 U.S.C. § 2302(b)(9)(C), we need not determine whether it is also a protected disclosure under 5 U.S.C. § 2302(b)(8).

the action, or whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15.

¶14    In the appellant's response to the jurisdictional order, she stated that the individuals who denied her request for LWOP were aware of her May 2015 OIG activity because they were copied on the email. IAF, Tab 5 at 4, 11-13. In that email, the appellant stated that she would be following up with the OIG regarding her concerns listed therein, which she did by filing her June 2015 complaint. *Id.* at 11-13. Accordingly, we find that the appellant nonfrivolously alleged that the responsible management officials were aware of both the May and June 2015 OIG activity. We further find that the close temporal proximity between the protected activity, occurring in May and June 2015, and the denial of the appellant's LWOP request on July 1, 2015, is sufficient to satisfy the timing element of the knowledge/timing test, and therefore the appellant has nonfrivolously alleged that her protected activity was a contributing factor in the personnel action. *See Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 10 (2000) (finding that a personnel action that was taken within 7 months of the protected disclosure satisfied the knowledge/timing test).

¶15    On review, the appellant does not contest the administrative judge's finding that she did not allege that any agency official who made the decision to deny her LWOP request had actual or constructive knowledge of her September 2013 protected disclosure. ID at 13; PFR File, Tab 1 at 4-5. The appellant has not alleged, either before the administrative judge or on review, that the September 2013 disclosure was directed toward the officials who denied her LWOP request or that those individuals had a motive to retaliate against her based on the 2013 disclosure, nor has she directed the Board's attention to any other circumstantial evidence that would support a finding that the September 2013 disclosure was a contributing factor in the denial of her LWOP request. *See Dorney*, 117 M.S.P.R. 480, ¶ 15 (setting forth factors to be considered in determining whether the appellant has met the contributing factor

element if she has not met the knowledge/timing test). Accordingly, we affirm the administrative judge's finding that the appellant did not nonfrivolously allege that her September 2013 disclosure was a contributing factor in the agency's denial of her LWOP request.

<u>The appellant is precluded from raising a discovery issue for the first time on review.</u>

¶16      In her petition for review, the appellant asserts that the agency failed to comply with her discovery requests. PFR File, Tab 1 at 4. The agency has responded that the appellant's discovery requests were untimely. PFR File, Tab 3 at 6. Because the appellant did not file a motion to compel before the administrative judge, she is precluded from raising this discovery issue for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006). To the extent the appellant seeks to waive or extend a discovery deadline, she may file a motion with the administrative judge on remand.

¶17      Based on the foregoing, we remand this appeal to the regional office for a hearing on the merits of the appellant's claim that the agency denied her request for LWOP in retaliation for her protected OIG activity in May and June 2015.

**ORDER**

¶18      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                              /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.